UNITED STATES of America,

v.

Nazareth VICTORIA, Appellant.

No. 00–2266.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Jan. 17, 2002.

Filed Feb. 11, 2002.

Before SCIRICA and ROSENN, Circuit
Judges, and KANE, District Judge.*

MEMORANDUM OPINION

SCIRICA, Circuit Judge.

This is an appeal from a judgment of
conviction and sentence in the United
States District Court for the Western District of Pennsylvania. After a jury trial,
Nazareth Victoria was convicted of one
count of conspiracy to distribute and possess with intent to distribute in excess of
fifty kilograms of marijuana, in violation of
21 U.S.C.A. § 846. On appeal, Victoria
contends the District Court erred in failing
to grant an aberrant behavior departure
under U.S.S.G. § 5K2.20. Victoria also argues the District Court erred in determining he did not have standing to seek suppression of certain evidence used against
him at trial. We will affirm.

---

* The Honorable Yvette Kane, United States
District Judge for the Middle District of Pennsylvania, sitting by designation.

## I

Nazareth Victoria was convicted on April 10, 2000. The Presentence Investigation Report determined Victoria's criminal history category was one and his offense level was twenty-two. As a result, the guideline imprisonment range was forty-one to fifty-one months. Victoria raised the issue of an aberrant behavior departure in his response to the presentence report. The District Court refused to depart downward based on aberrant behavior. On July 21, 2000, the Court sentenced Victoria to 41 months' incarceration.

 Victoria contends this matter should be remanded for resentencing so the District Court can consider "aberrant behavior" under U.S.S.G. § 5K2.20, which went into effect on November 1, 2000. When the District Court sentenced Victoria on July 21, 2000, it considered the issue of aberrant behavior before denying his request for a downward sentencing departure. But the District Court did not consider whether Victoria's actions constituted "aberrant behavior" under § 5K2.20 of the Sentencing Guidelines because that section had not yet taken effect.

We have held that " § 5K2.20 was a substantive change to the Sentencing Guidelines and cannot be applied retroactively." *United States. v. Spinello*, 265 F.3d 150, 162 (3d Cir.2001). As a result, § 5K2.20 is inapplicable here and Victoria's argument is meritless. For this reason, we will affirm the judgment of sentence.

## II

 Victoria contends the District Court erred in finding he lacked standing to seek suppression of certain evidence used against him at trial. "Standing to challenge a search requires that the individual challenging the search have a rea-sonable expectation of privacy in the property searched, and that he manifest a subjective expectation of privacy in the property searched." *United States v. Baker*, 221 F.3d 438, 441 (3d Cir.2000) (citations omitted). It is clear that Victoria, who was neither the renter, passenger or driver, did not have a reasonable expectation of privacy in the vehicle. See *Baker*, 221 F.3d at 442 (citing *Rakas v. Illinois*, 439 U.S. 128, 143, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), for the proposition that "there is no legitimacy to a defendant's expectations of privacy where the area searched is in the control of a third party").

Victoria's alleged expectation of privacy is based on a phone call to the rental car company, his loading of several cases of wine into the vehicle, and his loading of three duffel bags containing 165 pounds of marijuana into the vehicle. Victoria did not execute a contract with the rental car company; he did not operate or control the vehicle at any time; he was not a passenger in the vehicle; and he claimed no property interest in the vehicle or the duffel bags of marijuana. Based on the circumstances of this case, Victoria had no legitimate and reasonable expectation of privacy in the car or its contents. *Rakas*, 439 U.S. at 133–34, 99 S.Ct. 421:

> Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted. A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. (quotations and citations omitted).

As a result, the District Court correctly concluded that Victoria lacked standing to

challenge the search and seizure of evidence from the vehicle.

### III

We will affirm the judgment of conviction and sentence.